Opinion
Barry Loehrig was charged with four first degree misdemeanor gambling violations on December 23, 1997. After his motion to suppress evidence was overruled, Loehrig entered a plea of no contest to one charge and was found guilty. The trial court imposed a fine of $50, suspended six months jail time, and placed Loehrig on probation for two years. The remaining three charges were dismissed.
Loehrig assigns error as follows:
 THE COURT ABUSED ITS DISCRETION BY NOT COMPELLING THE PRODUCTION OF THE RECORDS DEMANDED IN THE SUBPOENA DUCES TECUM BEFORE RULING AGAINST DEFENDANT'S MOTION TO SUPPRESS.
The issue raised by this assignment is whether the trial court abused its discretion in not enforcing a subpoena duces tecum served upon Officer Jeffrey Yount before ruling on Loehrig's motion to suppress. The subpoena sought information relating to a tracking device, known as a Bird Dog, which had been placed on Loehrig's car in early 1996.
The suppression hearing began on June 1, 1998, and continued on July 6, 1998. Yount testified at the July 6 session about his role in the investigation that resulted in the charges against Loehrig. He testified that he had received the subpoena duces tecum during the afternoon of July 2 and had been unable to assemble the information requested in the subpoena prior to his appearance to testify. He told defense counsel "(w)e'll do our best" to provide counsel with copies of the requested information "in the next week." At the end of the July 6 hearing, the following colloquy took place between the trial court and defense counsel:
 MR. HARRISON: Your Honor, I would ask for ten days for — Jeff had promised me that he can within a reasonable time could get me the information — a copy of the information that we requested. I would ask for the ten-day period to get that if I may and then have an opportunity to look at that. If it satisfies me, then we'll withdraw the motion.
 JUDGE HEMM: O.K. I'll pend this for two weeks for anything additional to be submitted. If not, I'll render a decision. O.K.?
MR. HARRISON: That would be fine, your Honor.
On July 23, the State, by the Ohio Attorney General, moved to quash the subpoena, and on August 10, Loehrig moved for leave to respond to the motion to quash. On August 13, the trial court overruled both motions as moot because the motion had been submitted for decision as of July 20. See colloquy quoted above. The trial court stated:
 The Court, having heard evidence on a Motion to Suppress and it being submitted for a decision prior to the receipt of the Motion to Quash Subpoena as well as the Motion to Respond, finds that the matter to quash is hereby moot since the hearing has been conducted without said information and hereby overrules the Motion to Quash and Motion for Leave to Respond.
On August 21, 1998, Loehrig moved to have Yount found in contempt for failure to provide the information requested in the subpoena. The trial court overruled this motion as also moot. On October 16, the trial court overruled the motion to suppress.
Loehrig claims that the trial court abused its discretion by not compelling the production of the information sought in the subpoena before it ruled on his motion to suppress. He claims that the court's rulings on the State's motion to quash and his motion to have Yount held in contempt were "antithetical if not contradictory."
At the end of the suppression hearing on July 6, the trial court announced from the bench that the parties would have two weeks to make additional submissions, and that the matter would be deemed ripe for decision upon the expiration of this two week period. Loehrig, by counsel, agreed to this timetable.
The trial court did not reach the merits of either the motion to quash or the motion to have Yount found in contempt but, rather, overruled both as moot because the motion to suppress was deemed submitted for decision as of July 20. The information Loehrig sought by subpoena was not before the court as of July 20 and, because the time for presenting evidence had closed as of July 20, that information would not be considered. Thus, both motions were moot, and the rulings were not "antithetical" or "contradictory."
If Loehrig did not receive the anticipated cooperation of Yount in producing the requested information by July 16, it was incumbent upon him to promptly enlist the aid of the trial court in compelling production of the requested information and/or extending the July 20 deadline for additional submissions. Loehrig did neither. He did not seek to have Yount held in contempt until August 21, and he never asked the trial court to extend the July 20 deadline for additional submissions. Although the trial court could have sua sponte extended the July 20 deadline for additional submissions, it was not unreasonable for it not to do so.
Although not essential to our disposition of the assignment of error, we note that the evidence before the trial court strongly suggests that the tracking device placed upon Loehrig's car had nothing to do with the gambling charges that were lodged against him. Rather, the charges were based upon the observations of law enforcement officers.
The assignment of error is overruled. The judgment will be affirmed.
. . . . . . . . . .
GRADY, P.J. and YOUNG, J., concur.
Copies mailed to:
David M. Henry
Jack Harrison
Hon. Michael W. Hemm